UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA YAQUELIN FALLA PORTILLO,<br><br>                    Petitioner,<br><br>        v.<br><br>FACILITY DIRECTOR, et al.,<br><br>                    Respondents. | No.  1:26-cv-00663-DAD-EFB<br><br><br>ORDER GRANTING IN  PART<br>PETITIONER'S MOTION FOR A<br>TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 1) |

On January 27, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus and a motion for temporary restraining order.  (Doc. No. 1.)  In her motion, petitioner requests a stay of her removal or transfer pending resolution of her petition,[1] a requirement that respondents preserve and produce her confiscated documents,[2] and her immediate release.  (Doc. No. 1 at 6–7.)  Respondents filed their opposition to petitioner's motion for a temporary restraining order on January 29, 2026, in which they state that they do not oppose converting the

/////

---

[1]  The court need not make an order preserving its jurisdiction because habeas petitions are properly heard in the district where the petitioner was detained when the petition was filed.  *See Y.G.H. v. Trump*, 787 F. Supp. 3d 1097, 1105 (E.D. Cal. 2025).

[2]  The court will deny this request for documents without prejudice as it does not yet appear to be ripe for resolution.

1

motion for a temporary restraining order into a motion for a preliminary injunction, and they do not request a hearing on the latter motion.  (Doc. No. 7 at 2.)

Petitioner entered the United State on January 3, 2019, and was released on parole on January 5, 2019.  (Doc. No. 1 at ¶¶ 14–15.)  On February 28, 2020, petitioner was ordered removed to Honduras, but she was granted withholding of removal Honduras.  (*Id.* at 10.)  Petitioner waived appeal.  (*Id.*)  Petitioner was re-detained by immigration authorities on December 8, 2025.  (*Id.* at ¶ 6.)   Her detention occurred without written notice or an individualized custody determination.  (*Id.* at ¶¶ 7–8.)  Petitioner participated in a credible fear interview on December 29, 2025, regarding whether she could be removed to Mexico.  (Doc. Nos. 1 at ¶¶ 27–28; 7-1 at ¶ 9.)  Respondents state that they are pursuing petitioner's removal to Mexico.  (Doc. No. 7 at ¶ 9.)  Petitioner has not been provided with a written decision regarding her credible fear interview.  (Doc. No. 1 at ¶ 28.)

Petitioner argues that her detention without notice and a hearing violates due process.  (Doc. No. 1 at ¶¶ 35–38.)  Respondents argue that petitioner may be detained pending her removal pursuant to 8 U.S.C. § 1231(a)(6) because she is subject to a final removal order.  (Doc. No. 7 at 3.)

This court previously addressed the regulations which govern a noncitizen's revocation of release while a final removal order is pending in *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3–4 (E.D. Cal. Dec. 2, 2025) (noting that ICE has a duty to follow its own regulations, that failure to do so may result in a due process violation, and that 8 C.F.R. § 241.4(*l*) and 8 C.F.R. § 241.13(i) indicate that, when ICE revokes release to effectuate removal, it is [ICE's] burden to show a significant likelihood that the alien may be removed).  The court incorporates the analysis in *Uzzhina* and finds that ICE's failure to provide petitioner with written notice regarding the reason for the revocation of her release, and an informal interview where she would have the opportunity to respond to the reasons for revocation likely violated due process and that petitioner is likely to succeed on the merits of her due process claim.  The court further incorporates and adopts its reasoning in *Uzzhina* as to consideration of the remaining *Winter* factors irreparable harm, balance of the equities, and the public interest, and finds that all weigh

in favor of granting petitioner relief in the form of immediate release. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The court notes that, unlike in *Uzzhina*, ICE has stated its intention to remove petitioner to a third country, in this case, Mexico, which is factually distinguishable.  However, petitioner has not been provided written notice of that intention, nor does the evidence produced by either party suggest that efforts have been made to procure travel documents for petitioner.  (Doc. Nos. 1; 7-1 at 2–3.)  As this court noted in *Uzzhina*, 2025 WL 3458787 at *4, simply applying for travel documents after detention is insufficient to show changed circumstances warranting petitioner's re-detention, yet here, nothing in the record suggests that any efforts have been made to procure petitioner travel documents to Mexico.  *See also Azzo v. Noem*, No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *5–6 (S.D. Cal. Dec. 10, 2025) (where the respondent's detained the petitioner for third country removal, and the court found that the respondent's violation of its own regulations by failing to promptly afford the petitioner an informal interview regarding his re-detention constituted separate grounds to grant the habeas petition.)

Accordingly, for the reasons stated above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 1) is CONVERTED into a motion for a preliminary injunction and hereby GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondent's custody;

    b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner, absent exigent circumstances, without providing petitioner notice and a pre-deprivation hearing before a neutral adjudicator;

    c. Petitioner's request that respondents preserve and produce her confiscated documents is denied without prejudice as not yet ripe;

2. Under the circumstances of the case, petitioner will not be required to post a bond pursuant to Federal Rule of Civil Procedure 65(c); and

/////

3

3.      This case is referred to Magistrate Judge Edmund F. Brennan for further proceedings on the underlying petition (Doc. No. 1) and petitioner's motion to appoint counsel (Doc. No. 2).

IT IS SO ORDERED.

Dated:    **February 3, 2026**    

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4